IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBBE B. MILLER,

                Petitioner,

  v.                                                                        ORDER

RANDALL HEPP, C. TAYLOR, DR. ADLER,                08-cv-62-jcs
TAMMY MAASEN, JODI DOUGHERTY, YOLANDA
ST. GERMAINE, DAVID BURNETT, SHARON
ZUNKER. JAMES GREER and KAREN GOULIE,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Because Judge Shabaz will be convalescing from shoulder surgery for an extended period, I have assumed administration of the cases previously assigned to him, including this one. On February 28, 2005, I dismissed this action without prejudice for petitioner's failure to submit an initial partial payment in the amount of $23.52 by February 20, 2008. Now I have received a letter from petitioner dated February 26, 2008, in which he asserts without elaboration that he has made three attempts to submit his initial payment to the court and that his inability to obtain the payment is just one example how "staff" at the Jackson Correctional Institution is retaliating against him for filing this lawsuit. I construe petitioner's submission as a motion to reopen this case and for permission to amend his

complaint to include a claim of retaliation. Both motions will be denied.

In his motion, petitioner says that in the time that has passed since he filed his complaint in this case, "inmate records legal work, etc. have come up missing." He says that he "sent a pack of legal papers" asking for appointed counsel to the court on or about February 23, 2008, but that he has not yet received notice from prison staff that the papers were mailed. Finally, he complains that he has tried to have funds disbursed to pay the initial partial payment in this case and his efforts have been futile. He asks that he be allowed to add to his complaint a claim that unknown individuals are retaliating against him for filing his complaint.

I am not persuaded by petitioner's unsworn and unsupported assertions of interference with his ability to prosecute this case that he has been diligent in his attempts to pay the initial partial payment he was assessed. If petitioner were to submit documentation of his written requests for disbursement of funds to pay the initial partial payment and any negative responses to the requests that he may have received, I will reconsider his motion to reopen. In the absence of such documentation, however, I am unwilling to reopen this case.

Because I am not reopening this case at this time, plaintiff's motion for leave to amend his complaint to add a new claim will be denied as moot. Even if the case had been reopened, however, I would not allow plaintiff to amend his complaint to include his retaliation claim.

In situations in which a petitioner alleges that the respondents have retaliated against him for initiating a lawsuit, it is the policy if this court to require the claim to be presented in a lawsuit separate for the one which is alleged to have provoked the retaliation.  This is to avoid the complication of issues which can result from an accumulation of claims in one action.  Moreover, the 1996 Prison Litigation Reform Act requires that prisoners exhaust all of their administrative remedies on claims raised in their complaint *before* they file their lawsuit in federal court.  It would be impossible for a plaintiff to exhaust his administrative remedies before filing suit on a retaliation claim that did not arise until after the suit was filed.

Of course, federal judges have inherent authority to control the progress of the lawsuits over which they are presiding.  If petitioner were eventually to obtain leave of the court to reopen this case and prison officials were to refuse to mail communications to this court that were directed to be filed by the court or that were needed to defend against a motion brought by the adverse party, he would be free to raise the matter.  In that instance, however, he would be required to support his assertions with documentation of some kind, such as copies of his requests for disbursement of funds for postage and the responses he received to the requests.  In the meantime, his complaints of interference with his mail are premature.

ORDER

IT IS ORDERED that petitioner's motion to reopen this case is DENIED without prejudice. Petitioner's motion for leave to amend his complaint to add a retaliation claim is DENIED as moot.

Entered this 7th of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge