IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBBE B. MILLER,

        Plaintiff,

  v.                                                                                               ORDER

WISCONSIN DEPARTMENT OF CORRECTIONS,            08-cv-62-bbc
DR. ADLER, TAMMY MAASEN,
DAVID BURNETT, SHARON
ZUNKER and JAMES GREER,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff is proceeding in this case on his claims that defendant Dr. Adler denied him a cane and is deliberately failing to treat plaintiff's pain, in violation of the Eighth Amendment. In addition, he is proceeding on a claim under the Americans with Disabilities Act against the Wisconsin Department of Corrections arising out of his inability to obtain a cane. In his original complaint, plaintiff included as defendants Randall Hepp, C. Taylor, Jodi Dougherty, Yolanda St. Germaine and Karen Goulie, all of whom served as institution or corrections complaint examiners or reviewing authorities over plaintiff's administrative grievances concerning the subject matter of this complaint. In an order dated April 22,

1

2008, I stayed a decision whether to grant plaintiff's request for leave to proceed against these defendants to allow plaintiff to submit copies of the grievances he filed and the responses he received to them. At the time, it was this court's intention to review these documents to determine whether the examiners and reviewing authorities relied on the expertise of medical professionals in denying plaintiff's complaints because, as I explained to plaintiff, complaint examiners without medical degrees or medical backgrounds ordinarily cannot be held liable for violating a prisoner's Eighth Amendment rights if they relied on the opinion of a medical professional, even the medical professional whose treatment is the subject of a complaint.

On April 28, 2008, plaintiff filed a letter advising the court that he was having difficulty obtaining copies of the documentation I had directed him to submit and requesting an enlargement of time in which to submit it. In an order dated May 8, 2008, I denied plaintiff's request after concluding upon closer review of his complaint that the documentation was unnecessary. Specifically, I found that plaintiff had pleaded himself out of court on his claim against defendants Randall Hepp, C. Taylor, Jodi Dougherty, Yolanda St. Germaine and Karen Goulie by having alleged in his complaint that during the grievance process, respondent Adler made statements to "justify[] his actions," asserting that plaintiff "is able to tie his shoes without any problems, so he does not need pain medication," and "was able to walk to H.S.U. with no problem without his cane." Thus, it appeared clear that

2

the institution complaint examiners, corrections complaint examiners and the warden and deputy warden were entitled to defer to defendant Adler's medical opinion and could not be held to have acted with deliberate indifference to plaintiff's medical needs by dismissing his grievances.

Now the court has received plaintiff's documentation of his use of the grievance procedure (Dkt. #18), which is accompanied by a cover letter dated May 8, 2008. This submission appears to have crossed in the mail with this court's order of the same date. In addition, the court has received a letter from plaintiff dated May 12, 2008 (Dkt. #21), in which plaintiff asks the court to reconsider its May 8 decision to deny him leave to proceed against defendants Hepp, Taylor, Dougherty, St. Germaine and Goulie. In addition, he asks that the documentation of his use of the grievance system he sent to the court on May 8 be returned to him.

Plaintiff's motion for reconsideration of the decision to deny him leave to proceed against defendants Hepp, Taylor, Dougherty, St. Germaine and Goulie will be denied. The documentation he submitted confirms without a doubt that with respect to both of his claims, institution complaint examiner Jodi Dougherty recommended dismissal of plaintiff's grievances only after consulting with staff in the medical unit and basing her decision on the information they provided her.

In an "ICE Report" responding to plaintiff's complaint no. JCI-2007-28217, in which

3

plaintiff complained that defendant Adler had discontinued his pain medication and taken away his cane, Dougherty stated,

> According to the above staff [HSU Manager Ms. Maassen] and review of the complainant's medical records, Inmate Miller was seen by Dr. Adler on 9/21/07. Based upon the examination, Inmate Miller's back and knee pain was inconsistent. At that time, Dr. Adler made the decision to discontinue Methadone and his cane authorization. Dr. Adler did order acetaminophen for pain. He was seen by a nurse on 9/30/07 which complains [sic] of stomach pain and blood in his stool. (He was given instructions to provide a stool sample.) He was scheduled to see Dr. Adler on 10/01/07, but did not attend his appointment.
>
> It is Dr. Adler's, as this inmate's primary physician, determination to make regarding what course of treatment to pursue. While [plaintiff] may not agree with that determination, it has been made based on years of education and experience, something neither the inmate nor I have. The ICE is not in the position to either question or judge the merits, opinions, or treatments offered by the trained and professional HSU staff.

In an "ICE Report" responding to plaintiff's inmate complaint no. JCI-2007-31850, in which plaintiff complained again about Dr. Adler's examination of his knee and refusal to authorize a cane, Dougherty stated,

> According to the above staff [HSU Manager Ms. Maassen] and medical record, the complainant was seen by Dr. Adler on 10/22/07 for right knee complaints. Dr. Adler noted the examination was "inconsistent," however he did order an x-ray. (The x-ray has been taken and results are pending.) Inmate Miller was encouraged to continue to use the analgesic balm. There was nothing noted in the record that Dr. Adler "popped" or "manipulated" his knee. Also per Ms. Maassen, Dr. Adler has stated that Inmate Miller does not need a cane.
>
> It is Dr. Adler's, as this inmate's primary physician, determination to make

4

> regarding what course of treatment to pursue. While [plaintiff] may not agree with that determination, it has been made based on years of education and experience, something neither the inmate nor I have. The ICE is not in the position to either question or judge the merits, opinions, or treatments offered by the trained and professional HSU staff.

In both of these instances, Dougherty was entitled to rely on the expertise of health services unit staff in recommending dismissal of plaintiff's grievances without risking liability for violating plaintiff's Eighth Amendment rights. Therefore, the court did not err in dismissing Jodi Dougherty from the case.

Plaintiff's documentation also includes a copy of a letter plaintiff received from Deputy Warden Cari Taylor on January 24, 2008, saying,

> I am in receipt of the letters you have written to Warden Hepp regarding the alleged poor medical care you have received while at Jackson Correctional Institution. As indicated through the Inmate Complaint System which you utilized to address your complaint initially, *"It is Dr. Adler's, as this inmate's primary physician, determination to make regarding what course of treatment to pursue. While [plaintiff] may not agree with that determination, it has been made based on years of education and experience, something neither the inmate nor I have. The ICE is not in the position to either question or judge the merits, opinions, or treatments offered by the trained and professional HSU staff."* This was written by Inmate Complaint Examiner Jodi Dougherty, reviewed and dismissed by Central Office Nursing Coordinator Sharon Zunker, reviewed and dismissed by Central Office Complaint Examiner Welcome Rose as well as reviewed and dismissed by Deputy Secretary Amy Smith.

5

> I am not in a position nor am I qualified to evaluate the training and method in which Dr. Adler approaches medical care for inmates. However, I do believe *adequate* attention has been paid to your concerns and *appropriate* consideration given toward your complaint.

(Emphasis in original.)

This letter confirms that proposed defendant Taylor deferred to the opinions of health professionals in refusing to contradict defendant Adler's decisions concerning plaintiff's medical care. Taylor's failure to do more does not rise to the level of a constitutional violation. It was not error to dismiss defendant Taylor from the case.

Finally, nothing in plaintiff's documentation shows that plaintiff has stated a claim of constitutional wrongdoing against warden Randall Hepp or corrections complaint examiners Yolanda St. Germaine and Karen Goulie. His documentation reveals that a Welcome Rose was the corrections complaint examiner with respect to both of plaintiff's inmate complaints, not Yolanda St. Germaine or Karen Goulie, and that Sharon Zunker, not Randall Hepp, was the reviewing authority. (Because Sharon Zunker is presumed to have some medical expertise as an employee of the Department of Corrections Bureau of Health Services, plaintiff has been allowed to proceed against her.) There are no other allegations in plaintiff's complaint suggesting that former defendants Hepp, St. Germaine or Goulie infringed plaintiff's constitutional rights. Therefore, it was proper to dismiss them from the case.

6

Two additional matters require comment. Plaintiff notes that in his complaint, he alleged that "Health Services Unit staff" ignored his requests for treatment by a specialist in the repair and restoration of orthopedic needs and for further tests relating to his knee and back pain, such as an MRI. He says that the court failed to address these allegations as a separate claim on which he intended to seek leave to proceed.

Plaintiff is correct that I did not treat as a separate claim his allegations that he was not referred to a specialist or given an MRI. In this court's order of April 22, 2008, I concluded that plaintiff had stated a claim that defendants were being deliberately indifferent to his serious medical needs by "denying him a cane *and failing to properly treat his pain and injuries.*" (Screening Order, dkt. #14, at 16)(emphasis added.) Thus, plaintiff has already been granted leave to proceed on a claim broad enough to include his concerns of not receiving a referral to a specialist or an MRI. There is no need to grant plaintiff leave to proceed on a separate claim relating to those issues.

Finally, plaintiff has asked for the return of the exhibits he submitted to the court on May 8, 2008. Because plaintiff's exhibits have been scanned into the court's electronic record of this case, I may return plaintiff's original documents to him without charge. They are enclosed to plaintiff with a copy of this order.

7

ORDER

IT IS ORDERED that

1. Plaintiff's motion for reconsideration of this court's order of May 8, 2008, dismissing proposed defendants Randall Hepp, C. Taylor, Jodi Dougherty, Yolanda St. Germaine and Karen Goulie (Dkt. #21) is DENIED.

2. Plaintiff's request that the court to treat his allegations that he has been denied a referral to a specialist and an MRI as a claim separate from the claim on which he already has been allowed to proceed is DENIED as unnecessary.

3. The clerk is requested to return to plaintiff with a copy of this order the documents he submitted on May 8, 2008.

Entered this 22nd day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge