IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBBE B. MILLER,

        Plaintiff,

    v.                                           ORDER

WISCONSIN DEPARTMENT OF CORRECTIONS,       08-cv-62-bbc
DR. ADLER, TAMMY MAASEN,
DAVID BURNETT, SHARON
ZUNKER and JAMES GREER,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Plaintiff is proceeding in this case on his claims that defendant Dr. Adler denied him

a cane and is deliberately failing to treat plaintiff's pain, in violation of the Eighth

Amendment.  In addition, he is proceeding on a claim under the Americans with Disabilities

Act against the Wisconsin Department of Corrections arising out of his inability to obtain

a cane.  Finally, he is proceeding on a claim that defendants Maasen, Greer, Burnett and

Zunker. employees of the Department of Corrections' Bureau of Health Services, were

deliberately indifferent to his serious medical needs and violated the ADA by failing to

intervene when plaintiff complained to them that defendant Adler was refusing to provide

1

him with a cane and proper treatment for his pain.

Now plaintiff has filed an undated letter that I construe as a motion for emergency injunctive relief, a request for information about service of process, and a notice of a change of address.

First, plaintiff states that he has been moved to the Prairie du Chien Correctional Institution, where he was given a walking cane "the day [he] arrived." He states that his new doctor, Dr. Cox, is supervised by defendant Adler and that Cox asked plaintiff whether plaintiff was going to sue him, too. He alleges that Dr. Cox told him that he would make a decision how to treat his pain, but that "it's been four weeks." Plaintiff does not say what has or has not happened in the four week period he references, but I presume he is saying that Dr. Cox is not yet treating him for pain. Finally, plaintiff says that he is in severe pain and wants to see a specialist. He believes he will "be in a wheel chair" if a specialist does not see him.

Earlier in this case, plaintiff moved for a preliminary injunction seeking an order requiring that he been seen by a specialist. In an order dated April 23, 2008, I denied his motion, because he had not supported the motion with evidence and proposed findings of fact as required by this court's <u>Procedure To Be Followed On Motions For Injunctive Relief</u>, a copy of which I sent to him with the order. Like his first motion, this one fails to comply with the court's procedures. His statements concerning his current lack of treatment are not

sworn or declared to be true under penalty of perjury, and he has proposed no facts in a document titled "Proposed Findings of Fact," each of which is numbered and followed by a reference to evidence accompanying the motion that supports the fact proposed, as the court's procedures require.  Therefore, his second motion for a preliminary injunction will be denied.

Plaintiff should be aware that in order to prevail on a motion for preliminary injunctive relief, he must present evidence that the current defendants are refusing to provide him with medical care.  He cannot add to this lawsuit a claim that Dr. Cox is refusing him care in retaliation for his lawsuit against defendant Adler.  That would be a separate claim that must be raised in a separate lawsuit.  Moreover, in light of his move to another institution, plaintiff cannot contend that defendant Adler is continuing to refuse him medical care, because he is no longer under Dr. Adler's care.  If he is to obtain preliminary injunctive relief, he would have to show that defendants Maasen, Burnett, Zunker and Greer are aware that he is presently being denied appropriate treatment for his pain and nevertheless are refusing to insure that he obtains the necessary treatment.  Because plaintiff has submitted no affidavits or other admissible evidence and no proposed findings of fact from which a finding can be made that he is entitled to preliminary injunctive relief, the motion will be denied.

Plaintiff asks in his letter whether the court intends to send him summonses so that

3

he can serve his complaint on the defendants. The answer is no; it does not. The office of the Attorney General has accepted service of process of plaintiff's complaint on behalf of the defendants pursuant to an informal service agreement between that office and this court. Therefore, there is no need for plaintiff to serve the defendants with a summons.

ORDER

IT IS ORDERED that plaintiff's motion for emergency injunctive relief (dkt. # 26) is DENIED.

Entered this 26th day of June, 2008.

BY THE COURT:

_Barbara B. Crabb_

BARBARA B. CRABB
District Judge

4