IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBBE B. MILLER,

                              Plaintiff,

    v.

WISCONSIN DEPARTMENT OF
CORRECTIONS, DR. ADLER, TAMMY
MAASEN, DAVID BURNETT, SHARON
ZUNKER, and JAMES GREER,

                              Defendants.

OPINION AND ORDER

08-cv-62-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This civil case for injunctive relief and money damages is before the court on the motion of defendants Wisconsin Department of Corrections, Dr. Adler, Tammy Maasen, David Burnett, Sharon Zunker, and James Greer for partial summary judgment. Plaintiff Robbe B. Miller has alleged that defendant Dr. Adler discontinued plaintiff's opiate and muscle relaxant prescriptions and took away his cane, in violation of plaintiff's Eighth Amendment rights, that defendant Adler's denial of adequate care violated the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134, because it deprived plaintiff of some of the basic services of the prison, that defendant Department of Corrections is liable for the

1

violation of the Act as well and that defendants Tammy Maasen, David Burnett, Sharon Zunker and James Greer are liable for the violation of his right to adequate medical care because they failed to intervene despite their knowledge that defendant Adler was deliberately indifferent to plaintiff's serious medical needs.

Defendants' motion for partial summary judgment is based on their contention that plaintiff did not exhaust his administrative remedies with respect to any claims other than the one against defendant Adler for denying him adequate care in violation of the Eighth Amendment. They maintain that although plaintiff filed five inmate complaints, only two of them were completely exhausted and those two were limited to plaintiff's allegations about defendant Adler's taking away plaintiff's cane, discontinuing his pain medication and manipulating his knee improperly.

In support of their motion, defendants did not file proposed findings of fact, but did file the affidavit of Tom Gozinske, a Corrections Complaint Examiner employed by defendant Department of Corrections, along with copies of the complaints that plaintiff has filed. In response to this affidavit, plaintiff filed a statement, alleging that all defendants were informed that his pain medication had been stopped abruptly, that he suffered from Hepatitis C and that he was being forced to take Tylenol, which was dangerous for his liver. He alleged that all defendants knew that he was to be supplied with a cane because of his disabilities and spinal cord surgeries.

2

From the facts averred by Gozinske and unopposed by plaintiff, I find that the following are material and undisputed.

## UNDISPUTED FACTS

Tom Gozinske, Corrections Complaint Examiner, searched the record of inmate complaints and discovered that before January 30, 2008, plaintiff had filed five inmate complaints related to the claims at issue in this suit. These complaints were DCI-2007-23316, JCI-2007-28217, JCI-2007-28798, JCI-2007-028949 and JCI-2007-31850.

Complaint #23316 was dismissed by the reviewing authority and not appealed to the Complaint Corrections Examainer, as permitted under Wis. Admin. Code § DOC 310.13(1). Number 28798 was rejected by the Institution Complaint Examiner under Wis. Admin. Code § DOC 310.11(5)(g) and was not appealed to the reviewing authority as permitted under Wis. Admin. Code § DOC 310.11(6). Number 28949 was rejected by the Institution Complaint Examiner and was not appealed to the reviewing authority as permitted by Wis. Admin. Code § DOC 310.11(6).

Plaintiff exhausted his administrative remedies with respect to complaints ##28217 and 31850. In #28217, plaintiff complained that defendant Adler was taking his cane away and discontinuing his medication. In #31850, plaintiff complained that defendant Adler was manipulating his right knee and keeping his cane from him, so that he had to walk long

3

distances without a cane.

In complaint #21287, plaintiff stated that he had been seen by defendant Adler for five minutes, that Adler had not looked at plaintiff's medical records, and that he had inappropriately took his cane out of his hands and discontinued his pain medications. After this complaint was denied, plaintiff filed a Request for Corrections Complaint Examiner Review, in which he added a new complaint about a lump in his chest that had not been examined and asked for someone to intervene in his medical care. He did not name anyone other than Adler in either his complaint or his request for review

In complaint #31850, plaintiff said that defendant Adler manipulated his right knee, causing it to "pop out of socket," but even after feeling it and hearing it, he would not give plaintiff his cane back, making plaintiff walk long distances without it. After this complaint was denied, plaintiff submitted a copy of his "Request for Corrections Complaint Examiner Review," which he filed on or before November 23, 2007. In this document, he said that he would be filing a claim against defendant Adler, as well as defendants Burnett and Zunker for allowing Adler's "cruelty to go on & on."

.

## OPINION

The purpose of the exhaustion requirement set out in 42 U.S.C. § 1997e(a) is to give prison officials an opportunity to consider inmate grievances and correct problems before

4

the courts are involved.  Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537-38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation").  The amount of detail that an inmate must provide in a complaint depends both on the system and its requirements and on the need to provide officials notice of the problem and the persons responsible for it.  Wisconsin's requirements are fairly straightforward.  As far as content is concerned, an inmate must confine himself to one issue and must "clearly identify" that issue.  Wis. Admin. Code § DOC 310.09(1).

The two complaints that plaintiff filed and exhausted "clearly identify" the issue that plaintiff is raising against defendant Adler:  Adler's denial of a cane and his discontinuation of plaintiff's pain medication.  Read fairly, the allegations are sufficient to state both a constitutional claim of deliberate indifference to plaintiff's serious medical needs and a claim under the Americans with Disabilities Act that defendant Adler's denial of a cane resulted in plaintiff's exclusion from the services of the prison.

Defendants argue that they would not have known from plaintiff's complaints that he was alleging an illegal exclusion from activities, programs and services, but the exclusion is simply the natural consequence of plaintiff's allegation in complaint #31850 that he was unable to walk around the prison without his cane.  With this information, prison officials had enough information to investigate the full dimensions of the issue.

The same conclusion applies to plaintiff's allegations about the failure of defendants

5

Burnett, Greer, Maasen and Zunker to correct defendant Adler's refusal to allow plaintiff to use a cane. In the May 9, 2008 order, I noted that these defendants appeared to be persons in a position to exercise independent judgment about the actions of defendant Adler. Plaintiff identified the issue of his denial of a cane; from this, the prison knew everything it needed to know in order to investigate the correctness of defendant Adler's actions and to determine whether anyone else was involved in the decision or in a position to override it if it was wrong. For exhaustion purposes, plaintiff has done what was required of him. Whether he can prove that these defendants have any personal liability for defendant Adler's decisions is a different question on which plaintiff will bear the ultimate burden of proof.

ORDER

IT IS ORDERED that the motion for partial summary judgment filed by defendants Wisconsin Department of Corrections, Dr. Adler, Tammy Maasen, David Burnett, Sharon Zunker, and James Greer is DENIED.

Entered this 2nd day of September, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

6