IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBBE B. MILLER,

        Plaintiff,

  v.                                                 ORDER

WISCONSIN DEPARTMENT OF CORRECTIONS,            08-cv-62-bbc
DR. ADLER, TAMMY MAASEN,
DAVID BURNETT, SHARON
ZUNKER and JAMES GREER,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff is proceeding in this case on three claims: 1) defendant Dr. Adler denied him a cane and deliberately failed to treat plaintiff's pain, in violation of the Eighth Amendment; 2) the Wisconsin Department of Corrections violated the Americans with Disabilities Act by refusing to provide him a cane; and 3) defendants Maasen, Greer, Burnett and Zunker, employees of the Department of Corrections' Bureau of Health Services, were deliberately indifferent to his serious medical needs and violated the Americans with Disabilities Act by failing to intervene when plaintiff complained to them that defendant Adler was refusing to provide him with a cane and proper treatment for his pain.  I denied defendants' motion for

1

partial summary judgment on September 2, 2008 .  Before that time, plaintiff had twice moved for a preliminary injunction.  In an order dated April 23, 2008, I denied plaintiff's first motion because he had not supplied evidence to support his claim of impending irreparable harm or proposed findings of fact as required by this court's <u>Procedure To Be Followed On Motions For Injunctive Relief</u>, a copy of which I sent to him with the order.  On June 26, 2008, I denied plaintiff's second motion because it also failed to comply with the court's procedures.  In that motion plaintiff informed the court that he had been moved to the Prairie du Chien Correctional Institution and that he had been provided a walking cane.

     Now plaintiff has filed a third motion for a preliminary injunction.  In support of this motion, he has filed an affidavit attesting to the authenticity of attached medical records and averring that he is being denied medical care for his medical condition and that he will lose at least one limb if the court denies his motion.  He supports the motion with at least one document showing that in June 2008, he wrote to defendants Zunker, Greer and Burnett to advise them that even following his transfer to the Prairie du Chien facility, medical personnel there are ignoring his complaints of severe pain and need for medical treatment.  He does not specify what relief he is seeking, however.  Instead, he asks for a writ of habeas corpus ad testificandum so that he can testify at a hearing on his motion.

     Although plaintiff's present motion for a preliminary injunction includes an affidavit

2

and evidentiary materials, as well as at least one document suggesting that the one or more of the defendants knows about his continuing inability to obtain appropriate medical care but is failing to take action, plaintiff has once again failed to propose facts in a document titled "Proposed Findings of Fact," as the court's procedures require. It is obvious that plaintiff does not understand how to comply in all respects with the court's procedures. In light of the seriousness of plaintiff's claim, I will not deny his motion a third time for his failure to comply with the procedures. Instead, I will schedule this case for an evidentiary hearing on the motion, at which time plaintiff can provide testimony regarding the adequacy of his medical care and defendants can explain what they are doing to respond to plaintiff's serious medical needs.

ORDER

IT IS ORDERED that a decision on plaintiff's third motion for a preliminary injunction is STAYED.

Further, IT IS ORDERED that plaintiff's request for issuance of a writ of habeas corpus ad testificandum is GRANTED. The clerk of court is directed to set this case for an evidentiary hearing on plaintiff's motion and issue a writ of habeas corpus ad testificandum

for plaintiff's attendance at the hearing.

Entered this 12th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge